UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MICHAEL NORRIS,

          Petitioner,

v.

SHIRLEE HARRY,

          Respondent.

_____/

Case No. 1:17-cv-668

Honorable Gordon J. Quist

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. Because Petitioner has fewer than 60 days remaining in the limitations period for filing a habeas petition, the Court will not dismiss the action at this time, pending Petitioner's compliance with the further directions of this Court set forth in this opinion and attached order.

## Discussion

### I. Factual allegations

Petitioner Michael Norris is presently incarcerated with the Michigan Department of Corrections at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan. Plaintiff is serving five concurrent life sentences (two for felony murder, MICH. COMP. L. § 750.316(b), two for assault with intent to commit murder, MICH. COMP. L. § 750.83, and one for assault with intent to rob while armed, MICH. COMP. L. § 750.89) consecutive to five concurrent two-year sentences for felony firearm, MICH. COMP. L. § 750.227b(1). Petitioner was found guilty of the offenses by a jury on February 20, 2014, following a nine-day trial. The Kent County Circuit Court sentenced Petitioner on March 11, 2014, as a habitual offender-fourth offense, MICH. COMP. L. § 769.12.

With the assistance of counsel, Petitioner directly appealed his convictions to the Michigan Court of Appeals, raising one issue: "Defendant was denied a fundamentally fair trial by improper prosecutor argument during closing argument, including (1) a civic duty argument and inflammatory appeal to the jury (2) shifting the burden of proof and (3) vouching/bolstering by the prosecutor of witness credibility." (Pet'r's Br., ECF No. 2-3, PageID.53.) By unpublished opinion dated June 9, 2015, the court of appeals rejected Petitioner's arguments and affirmed his convictions. (Mich. Ct. App. Op., ECF No. 2-1, PageID.44-49.)

Petitioner submitted an application for leave to appeal the court of appeals decision in the Michigan Supreme Court. Petitioner represents that he raised the same issue in the supreme court that he raised in the court of appeals. The Michigan Supreme Court denied leave by order entered June 28, 2016. *People v. Norris*, 880 N.W.2d 558 (Mich. 2016).

Petitioner did not file a petition for certiorari in the United States Supreme Court. (Pet., ECF No. 1, PageID.3.) Instead, he filed a petition in this Court. The initial petition was signed by someone other than Petitioner on the authority of a power of attorney. (Pet., ECF No. 1, PageID.14.) According to that individual, the petition was placed in the prison mailing system on April 14, 2017, (*id.*) and the return address suggests it was mailed from the correctional facility where Petitioner is incarcerated. (Priority Mail Envelope, ECF No. 1, PageID.15) The mailing envelope further reveals, however, that it was mailed from zip code 49426, Hudsonville, Michigan. Under the circumstances, it appears to the Court that the document was mailed on July 22, 2017, by Petitioner's power of attorney, Paula Creswell, not by Petitioner.

Under Sixth Circuit precedent, an application filed by a prisoner is deemed filed when handed to prison authorities for mailing. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). In the Sixth Circuit, the date the prisoner signs the document is deemed to be the date of handing it to prison authorities. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)). The date of signing is not material, however, when the document is filed by someone other than the prisoner. In the federal courts, the rationale for applying the mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 274-276 (1988), simply does not apply where a prisoner is represented by counsel. *See id.* at 275 ("a civil litigant who *chooses* to mail a notice of appeal assumes the risk of untimely delivery and filing . . . a *pro se* prisoner has no choice but to hand his notice over to prison authorities . . . ."); *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir.2002) ("The inability of an unrepresented prisoner litigant to exercise control over the filing of his pleadings, and his dependence on prison officials for such filing, supports a flexible approach to the application of deadlines.); *Rutledge v.*

3

*United States*, 230 F.3d 1041, 1052 (7th Cir. 2000) ("[A] prisoner represented by counsel can have that attorney file whatever motions or notices the prisoner desires, and so does not need to rely on prison authorities."); *Nichols v. Bowersox*, 172 F.3d 1068, 1074 (8th Cir. 1999) ("The prison mailbox rule traditionally and appropriately applies only to pro se inmates who may have no means to file legal documents except through the prison mail system."); *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) ("[T]o benefit from the mailbox rule . . . the prisoner must be proceeding without assistance of counsel . . .[and] must deliver the petition to prison authorities for forwarding to the court . . . ."); *Williams v. Russo*, 636 F. App'x 527, 531 (11th Cir. 2016) ("The mailbox rule only applies to (1) court filings (2) submitted by *pro se* prisoners.").

Because the petition was submitted by a person other than Petitioner and was not dependent on the prison mailing system, the prison mailbox rule should not apply. The relevant date, therefore, is the date the petition was received by the Court, July 25, 2017.

The petition as originally filed, and as amended on August 22, 2017, raises two issues: the issue Petitioner raised in the Michigan appellate courts; and a challenge to the sufficiency of the evidence used to convict Petitioner. (Pet., ECF No. 1, PageID.7; Am. Pet., ECF No. 7, PageID.111.) Petitioner never raised the sufficiency issue in the Michigan appellate courts. (Pet., ECF No. 1, PageID.2-3; Am. Pet., ECF No. 7, PageID.106-107.)

II. <u>Exhaustion of State Court Remedies</u>

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so

4

that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See id.* at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The petitions reveal that Petitioner has exhausted only the first of his two habeas issues.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. In order to properly exhaust his claim, Petitioner

5

must file a motion for relief from judgment in the Kent County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan

Supreme Court denied his application on June 28, 2016. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on September 26, 2016. Accordingly, absent tolling, Petitioner would have one year, until September 26, 2017, in which to file his habeas petition. Petitioner filed the instant petition on July 25, 2017, 63 days before expiration of the limitations period. Because the federal petition does not toll the statute of limitations, less than 30 days remain.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[1]

In the instant case, Petitioner has less than sixty days remaining before the statute of limitations expires. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-

---

[1] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Consequently, if Petitioner wishes to pursue his unexhausted claims in the state courts, he must show cause within 28 days why he is entitled to a stay of these proceedings. Specifically, Petitioner must show: (1) good cause for his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78. If Petitioner fails to meet the *Rhines* requirements for a stay or fails to timely comply with the Court's order, the Court will review only his exhausted claim. In the alternative, Petitioner may file an amended petition setting forth only his exhausted claim.

III.     Petitioner's other motions

Petitioner has filed several motions: Petitioner's motion to vacate or set aside his conviction (ECF No. 10), motion to appoint counsel (ECF No. 13), and motion to waive costs and fees (ECF No. 16). Those motions will be denied.

A. Motion to vacate or set aside Petitioner's conviction

Petitioner's motion to vacate or set aside his conviction (ECF No. 10) will be denied as unnecessary. The Rules Governing § 2254 Cases require that the petition for habeas corpus specify the grounds for relief, state the facts supporting each ground, and state the relief requested. Rule 2(c), RULES GOVERNING § 2254 CASES. Petitioner's motion simply reiterates that information. The Court will conduct a plenary review of the petition in accordance with the habeas statute and rules. It is unnecessary to file a motion to request that relief. Nonetheless, Petitioner's motion will be considered as a brief, and any information stated in the motion will be taken into consideration upon review of the petition.

B. Motion to appoint counsel

Habeas petitioners have no constitutional right to a court-appointed attorney. *Johnson v. Avery*, 393 U.S. 483 (1969); *Barker v. Ohio*, 330 F.2d 594 (6th Cir. 1964); *see Lovado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The Court is required by rule to appoint an attorney only if an evidentiary hearing is necessary or if the interest of justice so requires. Rule 8(c), RULES GOVERNING § 2254 CASES.

The Court has considered the complexity of the issues and the procedural posture of the case. At this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Petitioner's position. Petitioner's motion for appointment of counsel (ECF No. 13) will be denied. The Court may appoint counsel at a future time if a hearing is necessary or if other circumstances warrant.

C. Motion to waive costs and fees

Finally, Petitioner has moved to waive costs and fees because of his indigence. The only fee Petitioner is required to pay in this Court is the $5.00 filing fee. He has already

9

paid it. Moreover, he has failed to support with documentation any claim that he was unable to pay the $5.00 fee. Accordingly, Petitioner's motion will be denied.

An Order consistent with this Opinion will be entered.


Dated: September 29, 2017                               /s/ Gordon J. Quist
                                                     GORDON J. QUIST
                                                UNITED STATES DISTRICT JUDGE